CASE 26—MOTION—JANUARY 7.

# Southern Bank Ky. vs. White & McMahan.

APPEAL FROM FULTON CIRCUIT COURT.

1. Where the defendants in an execution suspended the sale of property on which it had been levied, by executing bond under *section* 713 of the Code, and a portion of the defendants afterwards executed a replevin bond which was quashed on the ground that all the defendants had not joined in its execution, the plaintiff was entitled to judgment on the former bond in the proceeding authorized by *section* 716.

2. The execution of bond under *section* 713 did not prevent the sheriff from proceeding against other property of the defendants, nor from allowing them to replevy the debt; nor would the satisfaction of the replevin bond be entire satisfaction of the former bond. (*Section* 718.)

W. R. BRADLEY for appellant.

T. N. LINDSEY, on same side, cited *Civil Code, secs.* 713 *to* 718.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The bank having an execution against Isaac and Peter B. Winston and D. W. Burns, had it levied on a stock of goods then in the possession of White & McMahan, which they claimed to have purchased from Isaac Winston.

White & McMahan executed a bond with surety to suspend the sale as provided in the Civil Code, after which the sheriff took a replevin bond, leaving out the defendant Isaac Winston.

The plaintiff gave notice, as provided by the Code, that on a named day of the next term of the circuit court, a judgment would be asked against White & McMahan, and their sureties. The jury empanneled found both a special and general verdict—specially that Winston sold the goods to White & McMahan with the intent to hinder his creditors, which was then known to the purchasers, and that the goods were liable to the levy; but that, after the execution of this bond, said *fi. fa.* had been replevied. And under the instruction of the court they found a general verdict for defendants, because the execution had been replevied.

After verdict, and before judgment, the plaintiff moved to quash the replevin bond, because I. Winston, a defendant in the execution, had not signed the bond, which motion was sustained. Plaintiff then moved for a judgment on the special finding, which was overruled. The defendant then moved for judgment on the general verdict in their favor, which was granted; to correct which this appeal is prosecuted.

The execution of this bond, and the proceedings thereon, are authorized by sections 713 to 718 of the Civil Code. The latter section provides that the giving of such bond shall not discharge the levy; but the property levied on may be left with the person in whose possession it was found, subject to the lien created by the levy; and that the officer may "proceed with the execution against any other property of the defendant."

As the officer may proceed against other property to make the execution, he may, doubtless, also permit the execution to be replevied. This can possibly do the claimant, who may have executed a bond to suspend the sale, no injury, for every dollar made or secured by future proceedings inures to his benefit, as it releases his liability to that extent. But the entire satisfaction of the execution is not an entire satisfaction of his bond, if the sale was wrongfully suspended by its execution.

The condition of this bond is, " that if it shall be adjudged that the said property, or any part of it, is subject to the said execution, (said White & McMahan) will pay (the bank) *the value of the property so levied up·n, and ten per cent. thereon, not exceeding the amount due on the execution, and ten per cent. thereon.*"

The ten per cent. is given to the plaintiff in the execution for the hindrance, trouble, and vexation which this summary remedy may subject him to, and as a penalty to deter vexatious, officious, and spurious claimants. The satisfaction of the execution would be a satisfaction of the bond to that extent, but could not satisfy the ten per cent. and costs resulting from its execution.

The plaintiff was not bound to accept the replevin bond, as has often been adjudged by this court, because all the defendants in the execution had not signed it. The law does not require a plaintiff to release any defendant in the execution. He may accept such bond, or he may not. The court having properly quashed the replevin bond, there was no satisfaction of the execution, nor of appellee's bond by reason thereof.

By section 358, Civil Code, "when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly.

The special finding and general verdict are inconsistent, and this produced by an erroneous instruction of the court. Notwithstanding, however, the finding of the jury afforded an opportunity to the court to correct this error, by rendering a judgment in behalf of plaintiffs for the value of the goods, and ten per cent. thereon, not exceeding the amount due on the execution, and ten per cent. thereon, which the court should do on the return of this cause.